UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EMPIRE COMMUNITY DEVELOPMENT, LLC,

               Plaintiff,                            **REPORT AND RECOMMENDATION**
                                                   22-CV-2576-ENV-SJB

      - against -

MEH ANJUM and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

               Defendants.
----------------------------------------------------------x
**BULSARA, United States Magistrate Judge:**

Empire Community Development, LLC ("Empire Community") filed this foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") on May 5, 2022, against Meh Anjum ("Anjum") and the New York City Environmental Control Board (collectively, "Defendants"). (Compl. dated May 5, 2022 ("Compl."), Dkt. No. 1). The subject property is 89-07 Vanderveer Street, Queens Village, New York 11427. (*Id.* ¶ 1). After Defendants failed to appear and a default was entered against both of them, Empire Community moved for default judgment. (Mot. for Default J. dated Sept. 30, 2022 ("Mot. for Default J."), Dkt. No. 15). On October 3, 2022, the Honorable Eric N. Vitaliano referred the motion to the undersigned for a report and recommendation. (Order Referring Mot. dated Oct. 3, 2022). For the reasons stated below, it is respectfully recommended that Empire Community's motion be granted.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 2, 2007, Meh Anjum (the "Borrower") executed a mortgage and a note with Mortgage Electronic Registration Systems, Inc. ("MERS") which was the

nominee for GE Money Bank, encumbering 89-07 Vanderveer Street, Queens Village, New York 11427 (the "Subject Property") in the principal amount of $93,000. (Compl. ¶¶ 8–9; Mortgage dated Feb. 2, 2007 ("Mortgage"), attached as Ex. B to Compl.; Note dated Feb. 2, 2007 ("Note"), attached as Ex. C to Compl.).

The Mortgage was first incorrectly assigned by MERS, as nominee for Resurgent Capital Services, to Anson Street, LLC ("Anson Street") on January 6, 2010. (Mortgage Schedule, attached as Ex. D to Compl.). But Resurgent Capital Services was the incorrect lender. (*Id.*). To correct this error, MERS, as nominee for GE Money Bank, transferred the Mortgage to Anson Street on June 24, 2019. (Corrective Assignment of Mortgage dated June 24, 2019 ("Corrective Assignment"), attached as Ex. D to Compl.). The Corrective Assignment was recorded on July 25, 2019. (Compl. ¶ 10). Anson Street ultimately transferred the Mortgage to Empire Community on April 29, 2019. (*Id.*; Assignment of Mortgage dated Apr. 29, 2019 ("Empire Community Assignment"), attached as Ex. D to Compl.). The Empire Community Assignment was recorded on February 19, 2020. (Compl. ¶ 10).

Anjum failed to make a monthly payment due on July 1, 2016, and has continued to default on subsequent payments, placing her out of compliance with the terms and provisions of the Mortgage and Note. (*Id.* ¶ 13). Paragraph 4 of the Note provides that, if a borrower fails to make a timely payment, the Lender may send a written notice notifying the borrower of the overdue amount. (Note ¶ 4(B)). A borrower is in default if she fails to pay the overdue amount as stated in the notice. (*Id.* ¶ 4(C)). And in the event of default, the Lender can require immediate payment in full of all outstanding principal and accrued interest. (*Id.*). Paragraph 20 of the Mortgage provides that, upon

default, a Lender may also acquire the Subject Property by means of foreclosure and sale.  (Mortgage ¶ 20).

Accordingly, on December 24, 2020, the Margolin & Weinreb Law Group, LLP ("Margolin & Weinreb"), Empire Community's law firm, issued a Default Notice informing Anjum that a total sum of $73,564 was in arrears and that a failure to submit payment could result in acceleration of her loan and a lawsuit to foreclose the mortgage. (Notices dated Dec. 24, 2020 ("Notices"), attached as Ex. E to Compl.).  On the same day, Margolin & Weinreb mailed a 90-day foreclosure notice to Anjum.  (*Id.*; Compl. ¶ 14).  The 90-day notice informed Anjum that her home loan is 2,095 days and $73,564 in default, that she is "at risk of losing [her] home," and if she does not take actions to cure the default within 90 days, the Lender "may commence legal action against [her]." (*Id.* ¶ 14; Notices at 5–6).

Anjum did not respond to the Notices and continues to be in default.  (Compl. ¶¶ 17–18).  As of August 29, 2022, the "principal sum in the amount of $79,452.91, plus accrued interest . . . in the amount of $59,508.00 for a total sum of $138,960.91," was due and owed to Empire Community.  (Decl. of Alan H. Weinreb dated Sept. 30, 2022, attached as Ex. 1 to Mot. for Default J., ¶ 6; Aff. of Priscilla Serrato dated Sept. 27, 2022 ("Serrato Aff."), attached as Ex. C to Mot. for Default J., ¶¶ 4–8).

Empire Community filed the Complaint on May 5, 2022; following the assignments of the Mortgage, Empire Community is the owner and holder of the Mortgage and Note.  (Compl. ¶ 12; Aff. of Note Possession of Robert Paulus dated May 5, 2022, attached as Ex. C to Compl., ¶ 9).

The Complaint names Anjum as a defendant because she was the borrower who executed the Mortgage on the Subject Property.  It also names as a defendant the New

York City Environmental Control Board ("ECB"), an administrative tribunal of the City of New York, because it is allegedly a judgment creditor by virtue of ECB violations filed against Anjum and/or the Subject Property.  (Compl. ¶ 4).

The ECB is a New York City agency and a non-suable entity.  *See* N.Y.C. Charter § 396 ("All actions . . . shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  However, "when claims are brought against non-suable entities, the court may construe them as brought against the City of New York."  *Avail 1 LLC v. Latief*, No. 17-CV-5841, 2020 WL 5633869, at *3 n.2 (E.D.N.Y. Aug. 14, 2020) (quotations omitted), *report and recommendation adopted*, 2020 WL 5633099, at *1 (Sept. 21, 2020); *see also Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2018 WL 11467906, at *1 (E.D.N.Y. Dec. 7, 2018).  Therefore, the Court construes Empire Community's claims against the ECB as against the City of New York.

Empire Community served Anjum personally with the summons and Complaint on May 12, 2022, at the Subject Property, which is also her place of residence.  (Summons Returned Executed dated May 19, 2022, Dkt. No. 8 at 1).  On May 19, 2022, Empire Community also mailed copies of the summons and Complaint to Anjum at the Subject Property.  (*Id*. at 3).  The ECB was also properly served with process.  (Summons Returned Executed dated May 20, 2022, Dkt. No. 9).  Neither appeared, both failed to answer, and as a result, the Clerk of Court entered default against each of them.  (Entry of Default dated June 14, 2022, Dkt. No. 12).

On September 30, 2022, Empire Community filed a motion for default judgment against all Defendants.  (Mot. for Default J.).  Pursuant to Local Civil Rule 55.2(c), Empire Community mailed the motion papers to Anjum's last known residence and to

the City of New York.[1]  (Aff. of Service dated Sept. 30, 2022, attached as Ex. 7 to Mot. for

Default J.).  The Honorable Eric N. Vitaliano referred the motion to the undersigned for

a report and recommendation.  (Order Referring Mot. dated Oct. 3, 2022).

DISCUSSION

I.      Liability

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for

obtaining a default judgment.  *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-

2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and

recommendation).  First, "[w]hen a party against whom a judgment for affirmative relief

is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after

default has been entered, and the defendant fails to appear or move to set aside the

default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment

against that defendant.  *Id.* R. 55(b)(2).

Whether to enter a default judgment is committed to the discretion of the district

court, within the limits articulated by the Second Circuit.  *Enron Oil Corp. v.

Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The circumscribed scope of the district

court's discretion in the context of a default is a reflection of our oft-stated preference

for resolving disputes on the merits.").  That is, the Second Circuit "ha[s] a strong

preference for resolving disputes on the merits" and has cautioned that "a default

judgment is the most severe sanction which the court may apply."  *City of New York v.

Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quotations omitted).

---

[1] The City of New York was served at the Office of Corporation Counsel.

"A default does not establish conclusory allegations, nor does it excuse any defects in the plaintiffs' pleading." *Mateo v. Universal Language Corp.*, No. 13-CV-2495, 2015 WL 5655689, at *4, *6–*7 (E.D.N.Y. Sept. 4, 2015) (finding defendant was not plaintiff's employer based on his testimony that contradicted allegations in the complaint), *report and recommendation adopted*, 2015 WL 5664498, at *1 (Sept. 23, 2015).  For example, an allegation is not "well-pleaded" if is contradicted by other evidence put forth by the plaintiff.  *See id.* at *6–*7; *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010) ("[O]nce plaintiffs provided an actual picture of the allegedly infringing pen that contradicted the allegations in the Complaint, those allegations would no longer be considered well-pleaded.").

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party's default is deemed an admission of all well-pleaded allegations of liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016).  The Court must then determine "whether the unchallenged facts constitute a legitimate cause of action."  10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2022) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.  Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

6

conclusions of law."); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation).

> Empire Community has demonstrated compliance with RPAPL § 1304.
>
> Section 1304 of the RPAPL requires that, at least 90 days before commencing a home foreclosure action, a notice of default on the mortgage loan be sent by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject to the mortgage. Section 1304 also prescribes the contents of the notice.

*Windward Bora LLC v. Armstrong*, No. 18-CV-6355, 2021 WL 606713, at \*5 (E.D.N.Y. Feb. 16, 2021) (quotations and citations omitted). "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021) (alteration in original) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D.3d 909, 910 (2d Dep't 2013)).

A lender can establish compliance with section 1304 in one of two ways: (1) if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or (2) "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556 (2021) (citations omitted). Under the first method—actual mailing—to demonstrate that the 90-day notice was mailed via certified and first-class mail to a borrower's last known residence, a lender may rely upon "affidavits of mailing or domestic return receipts with attendant signatures." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 21 (2d Dep't 2019)).

Here, Empire Community has submitted a sworn affidavit of mailing indicating that, on December 24, 2020, the 90-day pre-foreclosure notice was mailed to Anjum at the Subject Property—which is also Anjum's last known address—by certified mail and first-class mail. (Aff. of Mailing of Helena Nierer dated Dec. 28, 2020, attached as Ex. E to Compl.). Empire Community also attached a copy of the 90-day notice, along with the accompanying certified mail receipt. (*See* Notices at 5–8). In compliance with RPAPL § 1304(2), the 90-day notice also contains a list of at least five housing counseling agencies serving Queens County—the county where the Subject Property is located—and their contact information. (*Id.*). Empire Community has, therefore, demonstrated compliance with RPAPL § 1304.[2]

To obtain a default judgment in "a mortgage foreclosure action under New York law, 'the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Gustavia Home, LLC v. Rice*, No. 16-CV-2353, 2016 WL 6683473, at \*2 (E.D.N.Y. Nov. 14, 2016) (alteration in original) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)); *see also E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at \*6 (E.D.N.Y. Feb. 24, 2015). "[I]n a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case . . . where the

---

[2] Empire Community also complied with RPAPL § 1306, which "provides as a precondition of a foreclosure action that a plaintiff must file [with the superintendent of financial services] the information required by § 1306(2) within three business days of mailing a [90-day] notice." *Schiffman*, 948 F.3d at 535 (quotations omitted); RPAPL § 1306(1). Specifically, the filing "shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage." RPAPL § 1306(2). In support of its motion, Empire Community attached a copy of the proof of filing statement containing the requisite information, submitted to the Department of Financial Services on December 28, 2020—within 3 business days of mailing the 90-day notice. (*See* Proof of Filing Statement, attached as Ex. 1 to Letter dated July 31, 2023, Dkt. No. 16).

foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-CV-3722, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *report and recommendation adopted*, 2017 WL 3634604, at *1 (Aug. 18, 2017). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case . . . it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, No. 11-CV-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), *report and recommendation adopted*, 2014 WL 1383139, at *2 (Apr. 8, 2014).

Empire Community has established a *prima facie* case for foreclosure. It produced the Mortgage, the Note, and has established that default occurred following Anjum's failure to make the July 1, 2016 payment and all subsequent payments. Under the provisions of the Note and Mortgage, if the borrower fails to fulfill his or her promises to pay, the Lender is entitled to payment of the "[f]ull amount of principal which has not been paid and all interest that [the borrower] owe[s] on that amount." (Note ¶ 4(C); Mortgage ¶ 20). Further, Empire Community has established that through assignment it is now the "owner and holder" of the Note and Mortgage. (Compl. ¶ 12). Finally, Anjum has not appeared to contest Empire Community's right to foreclose. In light of the unrebutted *prima facie* case, Empire Community is entitled to foreclosure. *See, e.g., Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. 20-CV-5998, 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021) (recommending entry of default judgment where "HUD has presented the requisite documentation to establish a *prima facie* case" and the defaulting defendants "have not made an affirmative showing to overcome the

plaintiff's *prima facie* case"), *report and recommendation adopted,* 2022 WL 103678, at *1 (Jan. 11, 2022); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165, 2022 WL 3213048, at *3 (E.D.N.Y. Aug. 9, 2022) (granting default judgment for same reasons).

The Complaint also names the ECB as a possible subordinate lienor. (Compl. ¶ 4). RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). Thus, "[t]he necessary parties to a foreclosure action are those whose interest is claimed to be subject and subordinate to the plaintiff's lien, such as the record owner or person having an estate or interest in the property or one holding a later lien." *Toiny LLC v. Gill*, No. 18-CV-40, 2022 WL 4118520, at *3 (E.D.N.Y. Sept. 9, 2022) (quotations omitted). This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *NC Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542 (2d Dep't 2005) (quotations omitted).

"[T]o adequately allege liability as to a non-mortgagor defendant and extinguish their interest in a property, the complaint must allege 'nominal liability'—that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (collecting cases); *see also Toscano*, 2021 WL 6424600, at *3.

"When default judgment is entered against a defendant with nominal interest in a property, that defendant's interest in the property is extinguished." *Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at \*6 (E.D.N.Y. May 28, 2019), *report and recommendation adopted*, 2021 WL 2548971, at \*5 (June 22, 2021); *see also CIT Bank, N.A. v. O'Sullivan*, No. 14-CV-5966, 2016 WL 2732185, at \*9 (E.D.N.Y. May 10, 2016) ("Courts regularly enter default judgment in foreclosure actions against defendants with 'nominal interests' in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest." (quotations omitted)).

Empire Community named the ECB as a defendant because it has an interest in the property subject to foreclosure, and the Court construes that as a suit against the City of New York. *Supra* at 4. But when a city or state agency is named as a defendant in a foreclosure action, "heightened pleading requirements apply." *See Windward Bora, LLC v. Thompson*, No. 18-CV-1811, 2020 WL 1242828, at \*5 (E.D.N.Y. Mar. 16, 2020) (citing RPAPL § 202-a) (adopting report and recommendation). The complaint must "set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a(1). "Accordingly, a plaintiff must substantiate allegations that a government creditor holds a subordinate lien to the property." *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417, 2021 WL 8316275, at \*4 (E.D.N.Y. Aug. 11, 2021), *report and recommendation adopted*, Order (Sept. 7, 2021). For example, "[t]itle-search documents showing amounts owed to city agencies are sufficient to meet a plaintiff's obligations under [Section 202-a(1) of the RPAPL]." *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at \*4 (E.D.N.Y. July 24, 2020) (quotations omitted).

Empire Community has satisfied the heightened pleading standard. The Complaint alleges that the ECB is an "administrative tribunal of the City of New York" and is a necessary party as a judgment creditor that filed violations against Anjum and the Subject Property. (Compl. ¶ 4). It further alleges that the ECB's interest "has accrued subsequent to, and is subject and subordinate to," Empire Community's Mortgage. (*Id.* ¶ 5). Empire Community has attached an ECB record search reflecting six ECB violations against Anjum at the Subject Property, for amounts varying from $300 to $12,000, in 2017 and 2018. (*See* Environmental Control Board Violations R. Search dated Nov. 30, 2019, attached as Ex. F to Compl.). Courts in this District have found such documentation sufficient to satisfy the heightened pleading standard. *E.g.*, *Thompson*, 2020 WL 1242828, at *6 (collecting cases); *Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-CV-6716, 2017 WL 5157451, at *1 (E.D.N.Y. Nov. 7, 2017) (finding plaintiff met its pleading obligations under RPAPL § 202-a by attaching "list of citations" issued by ECB).

The City of New York was properly served with a summons and the Complaint, as well as with the motion for default judgment. It failed to respond, and thereby does not contest that its interest is subordinate to that of Empire Community. The Court therefore finds that Empire Community is entitled to default judgment against the City of New York and extinguishment of any interest it may possess on behalf of ECB. *See, e.g.*, *Windward Bora LLC v. Valencia*, No. 19-CV-4147, 2022 WL 872506, at *4 (E.D.N.Y. Mar. 24, 2022) (recommending default judgment against non-mortgagor defendants where the complaint alleged that the parties had liens subordinate to the plaintiff's); *Toscano*, 2021 WL 6424600, at *3 (same); *White*, 2019 WL 4014842, at *6 (same); *CIT Bank, N.A. v. Valerio*, No. 16-CV-6644, 2018 WL 4268913, at *8 (E.D.N.Y.

Aug. 15, 2018) (same), *report and recommendation adopted*, 2018 WL 4265869, at *1 (Sept. 5, 2018); *Christiana Bank & Tr. Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (same).

II.      Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158.  "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded."  *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations and citations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012).  "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1992)).  "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default."  *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (adopting report and recommendation) (collecting cases).  Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 20-CV-1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("A hearing is not necessary where the record contains

detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages." (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993))).

Empire Community has submitted the requisite documentation to provide a basis for damages, including through the affidavit of Priscilla Serrato, Assistant Secretary of Fay Servicing, LLC, Servicer for Empire Community. (Serrato Aff.). Empire Community seeks a judgment of foreclosure and sale with the proceeds applied to a total amount owed of $138,960.91 as of August 29, 2022. (*See id.* ¶¶ 7–8). By virtue of their default, Defendants have not objected to these calculations.

The Court was able to confirm Empire Community's calculations:

As of August 29, 2022, the remaining principal of the Mortgage was $79,452.91. (*Id.* ¶ 5).

The total accrued interest as of August 29, 2022 was $59,508.00. (*Id.* ¶ 6). Empire Community charged Anjum a *per diem* interest rate. (*Id.* ¶ 7). According to the terms of the Loan, the interest rate at the time of default was 11.99%. (*Id.*). The interest for this account is "calculated by taking the principal balance (i.e. $79,452.91) and multiplying it by 11.99% and then dividing that number by 365 days to obtain the *per diem* interest which, in this case, equals $26.10." (Serrato Aff. ¶ 7). Since "the date of default is July 1, 2016 (and interest pursuant to the Loan is paid in arrears)," interest is calculated beginning from June 1, 2016. (*Id.*). And because there are 2,280 days between June 1, 2016 and August 29, 2022, the total interest is $59,508.

The sum of the total past due interest and the total principal balance is $138,960.91. Both the Serrato Affidavit and the Proposed Judgment of Foreclosure and Sale ("Proposed Judgment") state that the total amount owed is $138,960.91. (Serrato

Aff. ¶ 8; Proposed J. of Foreclosure & Sale ("Proposed J."), attached as Ex. 3 to Mot. for

Default J., at 3).

Additionally, Empire Community seeks "interest from August 29, 2022" and

onward.  (Proposed J. at 3).  The Court recommends awarding Empire Home *per diem*

pre-judgment interest of $26.10, beginning from August 29, 2022 until the date on

which judgment is entered, and post-judgment interest at the statutory rate under 28

U.S.C. § 1961(a), running from the date judgment is entered until judgment is satisfied.

*E.g.*, *Baez*, 2020 WL 4261130, at *5.

Empire Community also seeks reimbursement for "expenses of the sale and the

advertising expenses as shown on the bills presented to [the] Referee and certified by

her," and "any sums expended by [Empire Community], for taxes, assessments, water

rates and sewer rents, with interest and penalties accrued thereon."  (Proposed J. at 2–

3).  Empire Community did not expressly seek this relief in its Complaint, (*see* Compl. at

6 (generally requesting "the expenses of such sale")), and when granting default

judgment, courts generally are not permitted "to award damages that exceed what the

plaintiff requested in its complaint."  *Windward Bora, LLC v. Castiglione*, No. 18-CV-

1766, 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019) (citing *Finkel v. Universal Elec.*

*Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)).  Here, however, given that Empire

Community did seek "the expenses of such sale," the Court finds that this phrase

"logically includes" Empire Community's stated costs.  *Baez*, 2020 WL 4261130, at *6

(granting reimbursement of foreclosure and sale expenses where "expenses of the sale"

were sought) (collecting cases); *Windward Bora LLC v. Thomas*, No. 20-CV-5320, 2022

WL 14731628, at *11 (E.D.N.Y. Sept. 30, 2022) (same).

"A plaintiff in a foreclosure action may recover . . . costs against a borrower-defendant if the note or mortgage provides for such an award." *U.S. Bank Nat'l Ass'n v. Swezey*, No. 20-CV-91, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 2390989, at *1 (July 1, 2022).  Both the Mortgage and Note allow for the collection of all costs by Empire Community.  (Mortgage ¶ 20 ("In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law."); Note ¶ 4(D) ("If the Note Holder has required [the borrower] to pay immediately in full . . . , the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law.")).  Therefore, the Court respectfully recommends that Empire Community be awarded these expenses as requested in the Proposed Judgment.

III.    Judgment of Foreclosure and Sale

Empire Community requests that the mortgaged premises "be sold in one parcel" at public auction and "under the direction of [a] Referee."  (Proposed J. at 2).  By presenting the Mortgage, Note, and proof of default on those instruments as a result of Anjum's failure to make the July 1 payment and subsequent payments, Empire Community has established a presumptive right to foreclose on the Subject Property, and no Defendant has appeared to make an affirmative showing to overcome this *prima facie* case.  *See Leap*, 2014 WL 1377505, at *2.  In addition, Empire Community has proposed a "Referee" to sell the mortgaged premises.  (Proposed J. at 2).  The Court recommends the appointment of this Referee, Susan Ellen Rizos, Esq., and that this Referee be paid in the sum of $750 from the proceeds of the sale, as proposed by Empire Community.  (*Id.*); *see, e.g.*, *Rhodie*, 2022 WL 3213048, at *5 (appointing plaintiff's proposed Master and approving a $750 fee as reasonable); *Windward Bora, LLC v.*

*Brown*, No. 21-CV-3147, 2022 WL 875100, at *7 (E.D.N.Y. Mar. 24, 2022) (same);

*Gilbert*, 2022 WL 344270, at *4 (same); *Leap*, 2014 WL 1377505, at *3 (recommending

same).

CONCLUSION

For the reasons described above, the court respectfully recommends that Empire

Community's motion for default judgment be granted and that:

1. The District Court order the foreclosure and sale of the Subject Property

   located at 89-07 Vanderveer Street, Queens Village, New York 11427;

2. Empire Community's claims against the ECB be construed as against the City

   of New York, and any interest the City of New York may have in the Subject

   Property be extinguished;

3. The proposed Referee be appointed to conduct the sale and receive a fee in the

   sum of $750 from the proceeds of the sale;

4. Empire Community be awarded the account balance sought of $138,960.91

   from the proceeds of the sale;

5. Empire Community be awarded *per diem* pre-judgment interest of $26.10,

   beginning from August 29, 2022 until the date judgment is entered, and post-

   judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the

   date judgment is entered until judgment is satisfied;

6. Empire Community be awarded expenses of the sale and the advertising

   expenses as shown on the bills presented to the Referee and certified by her,

   in addition to any sums expended for taxes, assessments, water rates and

   sewer rents, with interest and penalties accrued thereon, or so much thereof

   as the purchase money of the mortgaged premises will pay of the same.

17

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

Empire Community is directed to serve a copy of this Report and Recommendation on all Defendants and file proof of such service on the record by August 8, 2023.

SO ORDERED.

*/s/ Sanket J. Bulsara*  August 1, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York